The Chahcellor.
The defendant, having filed his answer to a bill for foreclosure, the complainant moves to strike out the answer as frivolous and impertinent.
If the motion prevails, it must be upon the ground that the paper purporting to be an answer, and filed as such, is no answer. If the paper filed as an answer is not filed as required by the rules of court, or is not sworn to, or is in any other respect irregular, the court may treat it as no answer, and direct it to be suppressed or taken from the files. So if it contain no answer to any part of the complainant’s bill, it will be ordered to be taken from the files. But if it be an answer, however insufficient, the court will not dispose of it upon summary motion, but leave the party to his exceptions.
In Tomkin v. Lethbridge, 9 Vesey 178, the answer was clearly evasive, giving no information. A motion was made to take it from the file, on the ground that it was so clearly illusive that the court might say it was no answer. The motion was denied. Lord Eldon said, it is very difficult to lay down as a rule how much should, and how much should not be regarded as an answer, and not leave it to be matter of exception. But he intimated, if this should happen again, a general order should be made to prevent it in future, to the effect that whenever it can be shown that the answer is a mere delusion, it should be understood to be the practice to take it off the file.
In Thomas v. Lethbridge, 9 Vesey 463, a motion was made to commit the defendant far contempt in putting in an *256 answer clearly evasive. Lord Eldon intimated Ms opinion, that if an answer appears upon the face of it notoriously evasive without explanation, it ought to be considered an attempt to baffle the court, and make all its' proceedings ridiculous. He nevertheless held, on consultation with the master of the rolls, that however proper it might be to make such a regulation for the- future, it was impossible in that case to treat the party as guilty of a . contempt, and the motion was denied.
In Smith v. Serle, 14 Vesey 415, the same learned Chancellor said, that the decision made by him in Tompkin v. Lethbridge was made upon the authority of a decision of Lord Thurlow, who.- held that if the defendant merely denied combination, that would not have been an answer, but by denying combination, and saying something about some allegation in the bill, though altogether immaterial, it was an answer-. The Chancellor further said, in the case before me, I felt myself bound by that authority, but I am so unwilling to give any countenance to such an abuse of the practice, that I think I shall never be induced upon both these authorities to make such a decision again;-and if such an attempt should be repeated shall hold it to be no answer.
In Newman v. Gray, 10 Price 117, an answer to amendments, consisting only of a denial of a statement in the bill, -which the defendant had already in effect answered in his first answer, was ordered to be taken off the file.
In the case of Marsh v. Hunter, 3 Mad. 226, the Vice Chancellor, Sir John Leach, upon the authority of the opinion of Lord Eldon in Tomkin v. Lethbridge, (not adverting ■to his later opifflon in Thomas v. Lethbridge) denied a motion to take- am answer off the file because it was delusive, answering only a few facts stated in the bill. •
In Olding v. Glass, 1 Younge & Jervis 340, the court refused to order an answer to be taken off the files, on the alleged ground that it was illusory, the defendant merely stating that he had no knowledge of any of the-matters in the bill mentioned, and left the plaintiff to except. -
*257 In 2 Daniells’ Prac. 920 it is stated that the result of the cases appears to he, that although the court will remove from the file, any document which purports to be an answer, but is not so in reality, yet if any part of such document does'entitle it to fill the character which it assumes, although it is an answer to only one fact, the court will not take upon itself to decide whether it is evasive or not, but will leave the plaintiff to except to it for insufficiency.
I incline to think the fair result of the cases, and certainly the true principle is, that if the answer is so evasive that it is obviously a mere delusion — if there is no answer of any of the material facts stated in the bill, and no reason assigned for not answering them, it will be considered as no answer, and the court will order it to be taken from the file. Phillips v. Overton, 4 Haywood 292; Cooper’s Eq. Pl. 313; 1 Barb. Ch. Pr. 169.
Giving to the plaintiff the benefit of the principle thus stated, it is clear the case now before the court is not within its operation. However open it may be to exceptions on the ground of insufficiency or impertinence, or both, it cannot be treated as no answer. There is a denial of combination, and an answer to some of the material facts of the bill.
If it be an answer, however defective, the complainant must either file exceptions or a replication, or set down the cause for hearing upon bill and answer. Nix. Big. 91, § 28.
If the answer sets up no legal defence, and the material facts are all admitted, the proper course is to set the cause down upon bill and answer, or if more evidence is requisite to sustain the complainant’s case, to take issue upon the answer. If the insufficiency or impertinence of the answer is such as to render it necessary to supply the defect by a more full answer, or to be relieved from the impertinent matter, the proper remedy is to file exceptions.
It must be borne in mind that the question is not whether the answer is lawful or not. That question cannot be examined upon this motion, much less is it necessary that the answer should contain a valid defence to the bill of com *258 plaint. No demurrer lies to an answer in equity. There are one or two early cases where it was resorted to. Williams v. Owen, 1 Chan. Cas. 56; Wakelin v. Malthal, 2 Chan. Cas. 8; Wyatt’s Prac. Reg. 162.
But its propriety was doubted then, and in modern practice it is never used. In equity, a demurrer is only a mode of defence to the bill. It is never resorted to to settle the validity of a plea or an answer. Such method of proceeding is not recognised in the books. Barton’s Suits in Eq. 96; Mitford’s Pl., by Jeremy, 107; Cooper’s Eq. Pl. 110; Story’s Eq. Pl., ch.. 9; Lube’s Pl. 46, 315, 355; Hinde’s Pr. 146; Blake’s Pr. 107; 1 Daniells’ Pr. 598; 4 Bouvier's Inst., § 4215; Raymond v. Simonson, 7 Blackford 79; Thomas v. Brashear, 4 Monroe 65.
A demurrer to a bill in equity, like a demurrer at law, may by the express terms of the statute, if it appear to be frivolous or intended for the mere purpose of delay, be overruled as frivolous. Nix. Dig. 634, § 117.
The same practice’ would perhaps prevail independent of the statute. Bowman v. Marshall, 9 Paige’s R. 78.
But the practice does- not extend to the case of an answer.
I find no» case in this court where an answer has been suppressed or ordered to be taken from the file on the ground of its insufficiency or frivolousness, except the case of Stout v. Evans, decided September, 1858, which was referred to upon the argument. That case appears to have been decided upon an ex parte hearing, and probably under an impression that the answer was filed out of season.
The motion must be denied.